FILED
2011 Mar-03 AM 09:12
U.S. DISTRICT COURT
N.D. OF ALABAMA

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ALABAMA
MIDDLE DIVISION

**HAZEL THORNBERRY,**

      **Plaintiff,**

v.

                                                CV **10-PT-2016-M**

**F&F FOOD SERVICES, as merged with
J&S FOOD SERVICES, INC. DBA
KENTUCKY FRIED CHICKEN and
DON JAMES d/b/a DJC General
Contractors d/b/a Don James
Construction**

      **Defendants.**

### MEMORANDUM OPINION

This cause comes on to be heard on the Motion for Judgment on the Pleadings filed by the defendant Don James d/b/a Don James Construction on January 14, 2011.

The premise of said defendant is that any purported action or claim against him is barred by the statute of limitations. The alleged incident upon which plaintiff bases her claim against the moving defendant occurred on September 23, 2008. The Amended Complaint naming the moving defendant as a party was filed on December 17, 2010. The original complaint, which did not name the moving defendant, was filed on June 17, 2010. The plaintiff's argument opposing the motion is that, pursuant to Alabama law, the Amended Complaint filed on December 17, 2010 relates back to the filing of the original complaint filed on June 17, 2010.[1] The only case cited by the plaintiff in support of her argument is *Crowe v. Mullin*, 797 F.Supp. 930, 932 (N.D. Ala. 1992). The *Crowe* case predates both *Saxton v. ACV Industries, Inc.*, 254 F.3d 959 (11th

---

[1] The plaintiff has acknowledged that the statute of limitations expired on September 23, 2010.

Cir. 2001) and *Crowl v. Kayo Oil Co.*, 848 So.2d 930 (Ala. 2002).

Based upon *Saxton*, the court assumes that *Crowl*, not *Crowe*, governs here. *Crowl*, citing *Fulmer v. Clark Equipment Co.*, 654 So.2d 45,46 (Ala. 1995) states that a substitution of a fictitious party is allowed to relate back to the date of the original complaint if the original complaint adequately described the fictitiously named defendant and stated a claim against such defendant. In order for the substitution to relate back, the plaintiff must have been ignorant of the identity of the defendant and must have used due diligence in attempting to discover it. 848 So.2d at 937.

In a recorded telephone conference held on March 2, 2011, the court learned that the name of James was noticed to the plaintiff on or about September 15, 2010, approximately a week before the filing of the amended complaint which for the first time named James. The plaintiff had at least a week to add James before the statute of limitations ran, but did not do so.

The *Crowl* case also noted the further delay in adding a defendant after the statute had run. Here, there was almost another two months delay after the statute ran. This was not as long as in *Crowl,* but long enough to be evidence of a further lack of due diligence.[2] The court further notes that the initial complaint does not mention contractor or construction and emphasizes the premises owner or occupier. Only in the amended complaint is construction mentioned.

The court offered to conduct an evidentiary hearing with regard to due diligence and the identity issue. Both parties declined this offer. The court will grant the motion.[3]

---

[2] A further indication of a lack of due diligence is the fact that there was a six-month delay after the filing of the initial complaint.

[3] Another arguable reason for the dismissal may be that the plaintiff has made no allegation in the amended complaint concerning due diligence. Also, the defendant has stated that the name of James was in a building permit on file with the municipality. Further, the court is of the opinion that reasonable inquiry concerning the contractor would have led to the discovery of the name of James. The plaintiff had at least from June 17, 2010 to make such

This the 3rd day of March, 2011.

_____
**ROBERT B. PROPST**
**SENIOR UNITED STATES DISTRICT JUDGE**

---

inquiry and also for some indefinite time between September 23, 2008 and June 17, 2010.