IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF ALABAMA
MIDDLE DIVISION

**HAZEL THORNBERRY**

    **Plaintiff,**

v.                                                          CV 4:10-2016-RBP

**F & F FOOD SERVICES
as merged with J & S Food
Services, Inc. d/b/a
Kentucky Fried Chicken**

    **Defendant.**

## MEMORANDUM OPINION

This cause comes on to be heard on defendant's Motion for Summary Judgment filed on May 31, 2011.[1] The court conducted a recorded telephone conference with the parties on August 3, 2011. That conference further revealed that there is no substantial disagreement between the parties as to the facts of the case. The basic disagreement relates to legal issue(s).

This case arises out of an accident which occurred on September 3, 2008 at a Kentucky Fried Chicken location owned by the defendant in DeKalb County, Alabama. The accident happened on a "clear" day at around "lunch time." Plaintiff testified that it was a "beautiful" day.

The accident occurred after the plaintiff parked in a parking place on defendant's lot. She was an invitee on the defendant's premises. She had frequently eaten lunch there on Tuesdays. When she returned to her vehicle after having lunch on the premises, she noticed that her vehicle would not start and correctly surmised that it was caused by a defective battery.

Plaintiff's vehicle was parked facing a concrete curb which was on the border of an

---

[1] The court will not repeat the long established summary judgment standards.

embankment which dropped down to an adjoining highway.  There was no fence or railing by the curb.  Plaintiff had received an offer of help from others.  These helpers had walked to the front of the vehicle on the passenger side.  The plaintiff walked around the front of the vehicle toward the passenger side.  As she did, she passed by the curb and the embankment without incident.  As she was returning to the driver side over the same path, she tripped on the curb and fell down the embankment, injuring herself.

During the August 3, 2011 hearing, the plaintiff acknowledged that the danger, if any, involving the curb and embankment was not hidden, but was open and obvious.

Thus the plaintiff does not argue that any alleged dangerous condition, if one there was, was not open and obvious.  Plaintiff does not argue that said alleged danger was hidden.  Plaintiff relies on her argument that Alabama law holds that she is entitled to a jury trial to determine the fact of whether she "appreciated" the open and obvious danger.  The court assumes, for the purposes of this opinion that there was a danger.  It has been agreed, however, that the danger was open and obvious and not hidden.  The court also assumes that there may be a question of fact as to whether the plaintiff "appreciated" that danger.  The legal issue thus becomes whether Alabama law requires the defendant, in order to negate the defendant's *duty* to the plaintiff, prove, or rebut plaintiff's "proof," that the plaintiff did not "appreciate" the open and obvious danger.  The court concludes that Alabama law does not so require.  *See Dolgencorp. v. Taylor*, 28 So.3d 737(Ala. 2009) and *Jones Food Co., Inc. v. Shipman*, 981 So.2d 355 (Ala. 2006).[2]

Among the statements in *Dolgencorp* are the following:

> . . . The liability of a premises owner to an invitee is well settled.

---

[2] The court assumes, without finding, that the plaintiff prima facie proved lack of appreciation.

"In a premises-liability setting, we use an objective standard to assess whether a hazard is open and obvious. As discussed ***742** in *Sessions [v. Nonnenmann,* 842 So.2d 649 (Ala.2002) ], the question is whether the danger should have been observed, not whether in fact it was consciously appreciated:

" '[I]n order for a defendant-invitor in a premises-liability case to win a summary judgment or a judgment as a matter of law grounded on the absence of a *duty* on the invitor to eliminate open and obvious hazards or to warn the invitee about them, *the record need not contain undisputed evidence that the plaintiff-invitee consciously appreciated the danger at the moment of the mishap.* While *Breeden [v. Hardy Corp.,* 562 So.2d 159 (Ala.1990) ], does recite that "[a]ll ordinary risks present are assumed by the invitee," 562 So.2d at 160, this recitation cannot mean that the invitor's duty *before* a mishap is determined by the invitee's subjective state of mind *at the moment* of the mishap. This Court has expressly rejected the notion that an invitor owes a duty to eliminate open and obvious hazards or to warn the invitee about them if the invitor "*should anticipate the harm despite such knowledge or obviousness.*" *Ex parte Gold Kist, Inc.,* 686 So.2d 260, 261 (Ala.1996) ....'

" 842 So.2d at 653-54 (some emphasis added)."

*Jones Food Co. v. Shipman,* 981 So.2d 355, 362-63 (Ala.2006). Similarly, this Court has stated that " '[t]he owner of premises has no duty to warn an invitee of open and obvious defects in the premises which the invitee is aware of, or should be aware of, in the exercise of reasonable care on the invitee's part.' " *Mountain Top Indoor Flea Market,* 699 So.2d at 161 (quoting *Shaw v. City of Lipscomb,* 380 So.2d 812, 814 (Ala.1980), citing in turn *Tice v. Tice,* 361 So.2d 1051 (Ala.1978)). The test for determining whether a hazard is open and obvious " ' "is an objective one." ' " *Id.* (quoting *Hines v. Hardy,* 567 So.2d 1283, 1284 (Ala.1990), quoting in turn *Restatement (Second) of Torts* § 343A (1965)).

28 So.3d at 741-742.[3]

---

[3] *Dolgencorp* apparently states that the defendant has the burden to prove, as an affirmative defense, that the condition was open and obvious. That has been admitted here. The evidence otherwise supports such a finding. *See also Jones* at 981 So.2d at 362 where the reliance on *Sessions* is also stated.

If some earlier cases suggested to the contrary, the court notes *Brumley Estate v. Iowa Beef Processors, Inc.*, 704 F.2d 1351, 1360 (5th Cir. 1983) ("[T]he latest and most authoritative expression of state law applicable to the facts of a case is controlling.")  The defendant has cited a number of additional cases which are consistent with *Dolgencorp* and *Jones*.  For another example, *See Gable v. Shoney's, Inc.*, 663 So.2d 928 (Ala. 1995) (Customer tripped over a visible bumper block.  Summary Judgment affirmed).[4]

Plaintiff's arguments may understandably arise out of possible confusion resulting from the difference between considering an invitor's negation of duty defense and in considering a contributory negligence or assumption of risk defense by the invitor.  While an element of an appreciation might be logically present in all of these affirmative defenses, that is not the case under Alabama law.  *Dolgencorp*, *Jones* and *Sessions* could not be clearer.

The defendant's motion will be granted and the action dismissed with prejudice.

This the 9th day of August, 2011.

_____
ROBERT B. PROPST
SENIOR UNITED STATES DISTRICT JUDGE

---

[4] The court notes that, in her responsive brief, plaintiff has made no attempt to distinguish *Dolgencorp*, *Jones* or *Sessions*.  She has not cited them.  The court further notes that *Isbell* v. *Aztecas Mex. Grill* cited by plaintiff on August 3, is not pertinent.